UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| SAMUEL H.,<br><br>                Plaintiff,<br><br>      v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 2:24-cv-00036-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by this Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed claims for DIB and SSI in September 2020, alleging disability beginning July 10, 2017. Administrative Record ("AR") 18. His applications were denied at the initial level and on reconsideration. AR 18. A hearing was conducted before an ALJ, on December 8, 2022. AR 586-623.

The ALJ issued an unfavorable decision denying benefits on March 21, 2023. AR 42. In her written decision, the ALJ found Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 23. The ALJ found the Plaintiff has the residual functional capacity ("RFC") to perform light work with these limitations:

> he can stand and walk six hours total in an eight-hour workday, sit six hours in an eight-hour workday, occasionally climb, frequently balance, stoop, kneel, crouch, and crawl, occasionally push and/or pull with the bilateral lower extremities, and understand, remember and carry out simple, routine, and repetitive tasks requiring no more than 1-2-3 step instructions and involving only simple work related decisions, occasional decision making, and occasional changes in the work setting, can never perform assembly line work, and can tolerate occasional interaction with the public

AR 27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff appealed to this Court. See Dkt. 4.

## ISSUES

**1. Whether the ALJ properly considered the medical opinions of Dr. Kalnins, Dr. Garcia, and Nurse Practitioner Holmes.**

**2. Whether the ALJ properly considered the credibility of Plaintiff's allegations.**

**3. Whether the ALJ properly considered lay witness testimony.**

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

1. **Whether the ALJ Properly Considered the Medical Opinions of Dr. Sandra Kalnins, Dr. David Garcia, and Nurse Practitioner Elizabeth Holmes.**

First, Plaintiff alleges the ALJ erred in his consideration of the opinions of Dr. Sandra Kalnins, Dr. David Garcia, and Nurse Practitioner Elizabeth Holmes. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[1] Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2).

---

[1] The regulations regarding the evaluation of medical opinion evidence were amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the 2017 regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

3

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

Dr. Kalnins, Plaintiff's psychiatrist, submitted a letter on December 8, 2022 describing appointments with Plaintiff. AR 1963-1964. She noted Plaintiff's existing diagnoses of ADHD, history of stimulant use disorder, and unspecified mental disorder. AR 1963. Plaintiff described a history of side effects to several mood stabilizing medications and his history of mood difficulties, such as being easily triggered, overwhelmed with minor disagreements, and chronic suicidal ideation. *Id.*

They discussed episodic auditory hallucinations symptoms that Plaintiff experiences when stressed or overstimulated. *Id.* He stated he experienced side effects to previous antipsychotic medications, so use of a milder anti-anxiety medication, hydroxyzine, was planned. *Id.* Dr. Kalnins increased Plaintiff's dose of hydroxyzine dose to help manage his anxiety. Dr. Kalnins also stated that as a result of her visit with Plaintiff on October 12, 2022, she "noted that based on his description and his report of chronic mood and interpersonal difficulties, I would consider him to have an impairing psychiatric condition preventing him from working." AR 1963. Dr. Kalnins stated that because of Plaintiff's chronic mood instability, negative thinking, and difficulties handling minor interpersonal difficulties, he would be prevented from maintaining a full-time job. AR 1963-1964.

      Dr. Daniel Garcia, M.D., a physician who practices family medicine, saw Plaintiff on October 19, 2022. AR 1940. The doctor noted Plaintiff's long history with psychosis involving noise perception that was not real, specific condemning remarks from voices he did not recognize, and paranoia. *Id.* Dr. Garcia further noted Plaintiff's left knee pain and three surgeries. *Id.* Dr. Garcia diagnosed Plaintiff with psychosis hearing voices, ADHD, anxiety, left knee degenerative disease/meniscus, asthma intermittent, and GERD. AR 1941. Dr. Garcia stated that in his opinion Plaintiff would be unlikely to hold employment responsibility of any length of time. *Id.*

      Psychiatric Mental Health Nurse Practitioner – Board Certified, and Advanced Registered Nurse Practitioner (PMHBP-BC, ARNP) Elizabeth Holmes was Plaintiff's psychiatric provider since August 2016. AR 1484. She diagnosed Plaintiff with depression, social anxiety, ADHD, PTSD, and alcohol dependence in remission for 25 months. *Id.* She stated that plaintiff's condition is one of medical urgency, "grounded in phenotype, physiological and early life personal loss factors all of which are disabling, endangering and health altering." AR 1488. She noted Plaintiff's "low-income financial status presents a barrier to treatment" AR 1487. She described his psychiatric history with suicidal thoughts self-harm ideations, and adverse medication reactions. *Id.* She also found that Plaintiff is disabled and at "suboptimal status in spite of intensive and expanded treatment efforts." *Id.*

      In considering Dr. Kalnins and Dr. Garcia's opinions, the ALJ found their opinions unpersuasive because they were (1) overly vague, conclusory, on a matter reserved for the Commissioner; (2) inconsistent with the assessments of state agency evaluators, Drs. Smith and Johnson; and (3) unsupported by the evidence in the record. AR 34; AR

35. As for Nurse Practitioner (NP) Holmes' opinion, the ALJ found her opinion unpersuasive for the same reasons, except that instead of the ALJ finding her opinion "overly vague," she stated that it was "conclusory." AR 35.

The ALJ failed to explain how the cited records contradict the medical providers opinions and therefore failed to set forth reasoning that allows this Court to meaningfully review her decision. *See Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

As for the ALJ's argument that the medical providers provided an opinion only reserved for the Commissioner, the Ninth Circuit has determined a doctor's statement that a claimant "would be 'unlikely' to work full time" was not a finding on an issue reserved to the Commissioner, and was "instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original). That the medical providers here offered an opinion about Plaintiff's probability of being unable to maintain employment is not alone a sufficient reason to reject their opinions when they did more than assert the conclusion that Plaintiff was disabled.

The ALJ also cited to several parts of the record to support other reasons given for discounting the medical providers' opinions, but the ALJ's decision does not provide an explanation supported by substantial evidence to show any conflict with the assessments of the state agency evaluators or the other evidence in the record. AR 34, 35. This is legally insufficient. The ALJ's duty to "set forth" reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir.

2015), requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Michael D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-464-DWC, 2022 WL 4377400, at *3 (W.D. Wash. Sept. 22, 2022) (quoting *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)).

The ALJ, for example, cited to a Skagit Regional Hospital Operating Room record from August 22, 2019, as one of the reasons for discounting NP Holmes' opinion, but this document provides no information about Plaintiff's mental health symptoms. It is unclear how that medical evidence is relevant to NP Holmes' opinion.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Yet an error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination of whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

If the ALJ had properly considered Dr. Kalnins, Dr. Garcia, and NP Holmes' assessment of Plaintiff's limitations, the RFC would have included additional limitations. Dr. Kalnins, for example, found that Plaintiff would have difficulties handling minor interpersonal difficulties in light of his chronic and consistent difficulties with unstable mood, being easily triggered, getting angry, and experiencing negative auditory hallucinations. AR 1963. The ALJ limited Plaintiff to occasional interaction with the

public. The ultimate disability determination may change if limitations opined to by the medical providers are included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

**2. Plaintiff's statements about symptoms and limitations**

Plaintiff contends the ALJ failed to properly consider the credibility of Plaintiff's allegations. Dkt. 11 at 2. The ALJ found that Plaintiff's statements related to the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. AR 28. The ALJ stated that the medical file did not support the alleged severity of Plaintiff's symptoms. The ALJ acknowledged Plaintiff's ongoing limitations due to his left knee meniscus tear status post arthroscopy, atypical migraine, major depressive disorder, anxiety, panic anxiety syndrome, borderline personality disorder, ADHD, psychosis, and substance abuse disorder, but concluded they do not cause more restrictions than the limitations assessed by the ALJ's decision on Plaintiff's residual functional capacity.

Plaintiff asserts that the ALJ provided a conclusory reason for rejecting Plaintiff's allegations, which is insufficient. The Court agrees. The Ninth Circuit has set forth the specific finding required:

> [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear

and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The ALJ's rationale must be "clear enough that it has the power to convince." *Smartt v. Kijakazi,* 53 F.4th 489, 499 (9th Cir. 2022). The ALJ did not specify which testimony she found not credible. The ALJ did not identify any particular statements by Plaintiff that were flawed or unsupported, and did not point to any inconsistency between identified statements and medical evidence or other information in the record that would undermine Plaintiff's statements about symptoms and limitations.

Plaintiff testified to having had mental health conditions and symptoms since 11-12 years old. AR 599. He stated that at the time of the alleged date of onset in 2017, he had a long struggle with depression, suicidal thoughts, and "ended up being kicked out of where I was living" and he lost his job, his car, and relationships. AR 602. Plaintiff described having auditory hallucinations throughout his lifetime, but they had become much worse, and more frequent – from from time to time, to all day every day — about two or three months before the hearing. AR 609. He stated that he had trouble concentrating and would not be able to effectively relate to other persons in a work setting because he hears voices, he cries, self-harms, and he strongly feels he wants to die. AR 611-615.

The Court has already concluded that the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Section I. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, Plaintiff's statements about

symptoms and limitations, with respect to mental conditions and physical conditions, should be assessed anew following remand of this matter.

### 3. Lay witness evidence

Finally, the Plaintiff contends the ALJ erred by failing to properly consider the statements from Carol Tinker, Dana Heidal, and an unnamed individual ("lay witness evidence").

Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023). Other relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And, an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

The 2017 regulations did not eliminate an ALJ's obligation to consider and address nonmedical source evidence, including an obligation to articulate germane reasons for disregarding that same evidence. Further, as the Ninth Circuit law remains unsettled, the Court finds that Ninth Circuit precedent continues to require an ALJ to provide germane reasons for discounting nonmedical source evidence. *See Megan Ann D., v. Comm'r of Soc. Sec.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024) (finding germane reasons are still required); *Gary J.D. v. Comm'r of Soc. Sec.*, 2023 WL

5346621, at *14 (W.D. Wash. Aug. 21, 2023) ("That an ALJ can disregard or reject relevant lay evidence for no reason is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are free of legal error and supported by substantial evidence.").

The ALJ failed to provide a reason for discounting the lay witness evidence other than that she found them to be of "limited value." AR 39. On remand, the ALJ is directed to consider the lay witness evidence and, if the lay witness evidence is discounted, the ALJ must articulate germane reasons for doing so.

### 4. Remand for Further Proceedings

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Court has reviewed the record and the ALJ's errors. The Court has determined the ALJ must re-evaluate the medical opinion evidence, lay witness evidence, and Plaintiff's subjective symptom testimony. The Court, considering the record as a whole, finds there is ambiguity in the record and therefore a remand for further administrative proceedings is the appropriate remedy. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (Court is required, before remanding for award of benefits, to review the record to determine whether "essential factual issues" have all been resolved).

**CONCLUSION**

Based on the foregoing discussion, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 27th day of December, 2024.

Theresa L. Fricke
United States Magistrate Judge